NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAHMAN KAMAL ROGERS,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1228

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01166-EMR, Judge Eleni M. Roumel.

---

Decided:  July 14, 2026

---

RAHMAN KAMAL ROGERS, Chandler, AZ, pro se.

CORINNE ANNE NIOSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, LOURIE and HUGHES, *Circuit Judges*.

PER CURIAM.

Rahman Kamal Rogers appeals an order of the United States Court of Federal Claims dismissing his complaint seeking return of his garnished wages. S.Appx. 1–12.[1] We *affirm*.

## BACKGROUND

To enforce a child support order, Arizona's Division of Child Support Services (DCSS) directed Mr. Rogers' employer to garnish a part of his wage each pay period. S.Appx. 1, 26. When Mr. Rogers learned he was compelled to pay child support, he sued in the Court of Federal Claims to enjoin further child support deductions and to claw back garnished wages. *Id.*; *see also* S.Appx. 33–34. Proceeding pro se, Mr. Rogers named as defendants: (1) his employer, a Missouri-based company, (2) Arizona's DCSS, (3) the United States Department of Health and Human Services (HHS), and (4) Robert F. Kennedy, Jr. in his capacity as the HHS Secretary. S.Appx. 21–22. Mr. Rogers alleged HHS committed unlawful exaction and a litany of constitutional and statutory violations when the Arizona DCSS garnished his wage for child support. S.Appx. 28–33.

The Court of Federal Claims dismissed the action for lack of subject-matter jurisdiction sua sponte. S.Appx. 1; *see also* Rules 12(b)(1)[2], 12(h)(3). The court concluded it lacked jurisdiction over Mr. Rogers' claims because they were not lodged against the United States and are not money-mandating. S.Appx. 4. Mr. Rogers appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1]    "S.Appx." refers to the supplemental appendix attached to Appellee's Brief.

[2]    "Rule" refers to the Rules of the United States Court of Federal Claims.

## DISCUSSION

We review de novo a Court of Federal Claims dismissal for lack of subject-matter jurisdiction. *Res. Cons. Grp., LLC v. United States*, 597 F.3d 1238, 1242 (Fed. Cir. 2010). Under the Tucker Act, the Court of Federal Claims may hear claims brought only "against the United States." 28 U.S.C. § 1491(a)(1); *see United States v. Sherwood*, 312 U.S. 584, 588 (1941). Claims against the United States that are "frivolous, wholly insubstantial, or made solely for the purpose of obtaining jurisdiction" will not suffice. *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021). To confer jurisdiction on the Court of Federal Claims, claims "against the United States" must be substantive. *See Brazos Elec. Power Coop., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1988). Although we afford pro se plaintiffs more latitude in pleading, they still must establish jurisdiction by a preponderance of the evidence. *E.g.*, *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

On appeal, Mr. Rogers argues the Court of Federal Claims erred in dismissing his complaint because the actions of Mr. Rogers' private employer and the State of Arizona are attributable to the United States. We do not agree.

The Court of Federal Claims correctly held it lacked jurisdiction because Mr. Rogers' claims contain no substantive allegations against the United States. S.Appx. 5–7. As the Court of Federal Claims found, Mr. Rogers "does not plead that the federal government has obtained money from [him] in any way." S.Appx. 7. Though he claims on appeal his "Complaint explicitly alleged that federal actors, operating through the [HHS] and in coordination with a state agency, improperly garnished his wages," Appellant Br. 50, we see no such allegation. *See* Appellee's Br. 9. Rather, Mr. Rogers' complaint alleges HHS indirectly exacted his wages by "acting through" Arizona's DCSS. S.Appx. 6;

*see also, e.g.*, Complaint ¶¶ 21–22, 26, 28, 35, 43; Appellant Br. 44; Reply Br. 11, 16. With no factual support, Mr. Rogers contends Arizona became an agent of the federal government by implementing a program for which it could receive federal funding. *See, e.g.*, Reply Br. 16. Thus, he reasons, Arizona's alleged unconstitutional taking or seizure is attributable to the United States because Congress conditionally funds Arizona's program. *Id.* at 9. We have rejected this theory of liability. *B & G Enters., Ltd. v. United States*, 220 F.3d 1318, 1323 (Fed. Cir. 2000) (collecting cases) ("[B]oth the Supreme Court and our predecessor court . . . have held that the federal government's conditioning a state or locality's receipt of federal funds on the state's taking a particular action does not make that state or locality an agent of the federal government."); *see also Griggs v. Allegheny Cnty.*, 369 U.S. 84, 89–90 (1962) (holding a county—not the United States—"took the air easement in the constitutional sense," where the county operated an airport in compliance with federal regulation and received federal funding).

Mr. Rogers raises additional arguments on appeal, for example, that his claims based on the Fourth and Fifth Amendments, the Social Security Act, and the Americans with Disabilities Act are money-mandating. Appellant Br. 50–52; Reply Br. 12–15, 17–18. Because the Court of Federal Claims correctly held Mr. Rogers did not bring any substantive claim against the United States, we do not reach these arguments.

CONCLUSION

We have considered Mr. Rogers' remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

**AFFIRMED**

COSTS

No costs.